Fishman, Appellant, *v.* Benjamin Noble, Inc. et al.

Argued March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Simon J. Denenberg*, with him *Abramson & Denenberg*, for appellant.

*Francis X. Brennan*, with him *Swartz, Campbell & Detweiler*, for appellees.

OPINION BY WATKINS, P. J., October 28, 1975:

This appeal is from the order of the Court of Common Pleas of Philadelphia County opening a default judgment entered against the appellee, Elbon Realty Corporation, for want of an appearance.

The appellant, Ruth Fishman, alleged that on or about October 19, 1972, she sustained a serious injury as a result of a fall which occurred on a defective sidewalk adjacent to the building owned by the appellee, Elbon Realty Corporation, and occupied by the tenant-appellee, Benjamin Noble, Inc.

On January 9, 1974, the appellant filed a complaint against both parties. In October, 1972, the appellant's attorney notified the appellees concerning appellant's claim and subsequent thereto appellant's attorney had numerous communications and correspondence with Lumberman's Mutual Casualty Company, the insurance carrier for both of the appellees. The complaint was forwarded to the appellees' insurance company. The insurance company instructed the appellees' attorney to enter an appearance for Benjamin Noble, Inc., only, which was done on January 31, 1974.

Appellant's counsel informed counsel for the appellees he was going to file praecipe to enter judgment against the appellee, Elbon Realty Corporation, on March 11, 1974. On June 6, 1974; attorney for appellee was informed by the insurance company that the appellee was a named insured on Noble's policy by endorsement. On June 16, 1974, a petition to open the default judgment was filed and the order granting the petition was entered October 18, 1974.

The reason given for the erroneous instructions from the local office of the insurance company was that they were not aware of the dual coverage until they received a copy of the declaration sheet from the home office after the entry of the judgment.

The law in this area is well settled that the order of the court below will be reversed for opening or refusing to open a default judgment only when there has been an error of law or a clear, manifest abuse of discretion. *Balk v. Ford Motor Company,* 446 Pa. 137, 285 A.2d 128 (1971) ; *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971).

The discretion is to be exercised only when three factors coalesce: (1) The Petition has been promptly filed; (2) A meritorious defense can be shown; (3) A failure to appear can be excused.

The requirement that the moving party act promptly has been met here. Appellee was unaware of the situation and action was taken within one week of the notification of the error.

The excuse for the failure to enter an appearance by the appellee was due to an unusual error by the insurance company, and no explanation is made other than the fact that the information as to who were insured on the policy was at the company's home office. The appellee, Elbon Realty Corporation, was insured under the exact same policy as the appellee, Benjamin Noble, Inc., by endorsement thereon, Elbon being the landlord and Noble

the tenant. It is inconceivable that the insurance company was not aware of this at every level of their operation. The circumstances of this case would extend the ruling of the Pennsylvania Supreme Court in *Balk v. Ford Motor Company,* supra, to the point where any negligent conduct on the part of insurance companies would be excused.

Excusing this negligence by the court below was an abuse of its discretion. The order of the court below is reversed and the judgment reinstated.

VAN DER VOORT, J., dissents.