338

476 A.2d 1360

**Donald FOX and Kay Fox, his wife, Appellants,**

v.

**VOLKSWAGON OF AMERICA, INC. and YBH Porsche Audi and The Fidelity Bank.**

Superior Court of Pennsylvania.

Submitted May 9, 1984.

Filed June 7, 1984.

Petition for Allowance of Appeal Granted Oct. 23, 1984.

Jerome M. Dubyn, Philadelphia, for appellants.

Richard A. Kolb, Philadelphia, for appellees.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

This is an interlocutory appeal as of right by plaintiffs from an order opening a default judgment against defendant Fidelity Bank. *See* Pa.R.A.P. 311(a)(1). We reverse and reinstate the judgment.

We agree with the court below that since this was a trespass action and plaintiffs admitted that the petition to open was promptly filed, the only issue is whether Fidelity Bank established a legitimate excuse for the default. *See Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super.Ct. 532, 535, 375 A.2d 368, 370 (1977). We disagree with the lower court's holding that Fidelity established a legitimate excuse merely by referring the complaint to its insurance carrier.

A delay solely attributable to an oversight or mistake on the insurance carrier's part will excuse a default only if the insured has no reason to believe his interests are not being protected. *Baskerville v. Philadelphia Newspapers, Inc.*, 278 Pa.Super.Ct. 59, 62, 419 A.2d 1355, 1356 (1980). A defendant cannot assert a justifiable belief that his interests were being protected, if he fails to inquire concerning possible problems of which he should have been aware

under the circumstances. *Id.*, 278 Pa.Superior Ct. at 62, 419 A.2d at 1357.

Here the petition to open judgment demonstrates on its face that Fidelity Bank had no justifiable belief that its interests were being protected by its insurer, INA. The petition avers that Fidelity referred the complaint to INA,[1] but never inquired concerning the case because nothing was received from INA indicating a refusal to provide a defense. Ten months after service of the complaint, Fidelity Bank was served with a notice of intent to take a default judgment within ten days. This notice clearly informed Fidelity of the need to take some action within ten days to protect itself from a default judgment. Nevertheless, the petition to open judgment simply avers that the notice was referred to INA, and there is not even an allegation that Fidelity inquired of INA, concerning whether a defense was to be provided with respect to the complaint which had been forwarded ten months earlier. The failure to inquire or take any other action under these circumstances clearly shows that Fidelity Bank had no justifiable belief that INA was protecting its interest. *Baskerville v. Philadelphia Newspapers, Inc., supra.*[2] Accordingly, the order opening the judgment must be reversed.[3]

Order reversed, and judgment reinstated.

1. While paragraph 2 of the petition claims that the complaint was never served on Fidelity, paragraph 5 asserts that after being served with the complaint, Fidelity referred the complaint to INA. In any event, the record clearly shows that the complaint was served.

2. *Baskerville* cannot be distinguished on the ground that there the lower court had rejected the excuse, while here the court below accepted the excuse, since " 'a close reading of the traditional test for opening judgments indicates that the reasonable explanation for the default must be shown before the lower court decides how it should exercise its discretion.' " *Sharon Hill Contracting Company v. Recreational Equipment Unlimited, Inc.,* 284 Pa.Super.Ct. 118, 125, 425 A.2d 447, 451 (1981), *quoting Tronzo v. Equitable Gas Company,* 269 Pa.Super.Ct. 392, 396, 410 A.2d 313, 315 (1979). Moreover, even if the abuse of discretion standard is applied here, the order of the court below must still be reversed, since a determination that Fidelity's

excuse is reasonable under these circumstances is clearly an abuse of discretion. Thus we need not consider Fidelity's contention that it has a meritorious defense, since that is only a consideration in a trespass case when the other equities are unclear. *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super.Ct. 532, 535 n. 1, 375 A.2d 368, 370 n. 1 (1977).

3.  Fidelity's claim that INA believed it still had an extension of time from plaintiffs' attorney when the default judgment was entered is without merit for two reasons. First, plaintiffs' answer to the petition to open (the factual averments of which are admitted by Fidelity's failure to take depositions, Pa.R.C.P. 209) plainly shows (as documented by Exhibit D) that at the time default judgment was entered, INA had permitted the additional ten-day extension from plaintiffs' attorney to expire without taking action, despite the attorney's clear warning that no more additional extensions would be granted. Second, even if Fidelity's assertion about INA's belief were true, this would provide no excuse for Fidelity's failure to act or even make inquiry of INA.