620 A.2d 1206

Maxine DUCKSON, Appellee,

v.

WEE WHEELERS, INC. and George McCreery
and Joseph Pietropaolo.

**Appeal of Joseph PIETROPAOLO.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1992.

Filed Feb. 25, 1993.

252

George A. Prutting, Jr., NJ, for appellants.

Phillip H. Baer, Philadelphia, for appellee Duckson.

Before OLSZEWSKI, BECK and KELLY, JJ.

KELLY, Judge.

This appeal asks us to determine whether the trial court erred in denying Joseph Pietropaolo's petition to open a default judgment. The trial court did not accept as reasonable appellant's excuse for the delay in filing an answer to appellee's complaint. The trial court, however, did not weigh the equities presented by the circumstances in this case nor balance the prejudice to the two sides, as the relevant case law requires. Thus, we hold that the trial court erred in refusing to open the default judgment, and reverse.

We preface our reasoning with this summary of the pertinent facts and procedural history. On July 31, 1990, appellee, Maxine Duckson, was a passenger on a bus that was involved in a collision with an automobile operated by appellant. As a result of the collision, appellee alleged serious personal injuries. Appellee's original complaint in this matter was filed on November 20, 1991. On December 4, 1991, appellant received service of the complaint, and on December 5, 1991, hand delivered the complaint to his insurance agent. The Dollfus Agency transmitted the complaint to Nationwide Insurance Company, appellant's automobile insurance carrier, on or about December 16, 1991. Technically, an answer to the complaint was due on December 24, 1991.

The file was forwarded initially to legal counsel who telephoned appellee's counsel on Wednesday, January 8, 1992, because service of process on appellant was not of record. Counsel for appellee refused to provide any information to appellant's counsel. In a letter dated January 10, 1992, appellant's counsel enclosed to adverse counsel a copy of an entry of appearance and demand for a jury trial which had been duly filed on behalf of appellant.

On January 13, 1992, Nationwide inadvertently assigned the case to a second attorney.[1] He immediately telephoned appellee's counsel in order to advise him that appellant was represented and to inquire if appellee's counsel would agree to an extension to file an answer out of time. Despite several attempts by appellant's second attorney to contact him, neither appellee's attorney nor his office returned the phone calls. Appellant's present counsel received the actual physical file from Nationwide on January 21, 1992.

Counsel for appellee, on January 10, 1992, directly notified appellant that appellee intended to take a default judgment. The default judgment was entered against appellant on January 23, 1992, according to the record. Appearances of counsel for appellant were entered on the record subsequent to the taking of the default judgment.

1. Counsel who received the second assignment is current counsel.

On January 24, 1992, appellant filed a petition to open the default judgment. The trial court granted the petition to open the default judgment on February 28, 1992 because the court assumed that the petition was uncontested and the record did not reflect otherwise. On March 10, 1992, appellee advised the court that, indeed, appellant's petition was contested. The trial court promptly vacated its prior order granting appellant's petition to open the default judgment. After considering appellee's opposition papers and the initial papers filed in appellant's petition to open judgment, the court denied appellant's petition. This timely appeal followed.

When reviewing a trial court's disposition of a petition to open a default judgment, the appellate court must examine the entire record for any abuse of discretion, reversing only where the trial court's findings are inconsistent with the clear equities of the case. *Provident Credit Corp. v. Young,* 300 Pa.Super. 117, 446 A.2d 257 (1982) (*en banc*). Moreover, this Court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Provident Credit Corp. v. Young, supra.* Where the trial court's analysis was premised upon record evidence, where its findings of fact were deductions from other facts, a pure result of reasoning, and where the trial court made no credibility determinations, this Court may draw its own inferences and arrive at its own conclusions. *Romeo v. Looks,* 369 Pa.Super. 608, 624, 535 A.2d 1101, 1109 (1987) (*en banc*), *appeal denied,* 518 Pa. 641, 542 A.2d 1370 (1988), *quoting American Express Co. v. Burgis,* 328 Pa.Super. 167, 172, 476 A.2d 944, 947 (1987). Finally, where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion. *Provident Credit Corp. v. Young, supra* at 124, 446 A.2d at 261.

Generally, a default judgment may be opened when the movant promptly files a petition to open, provides a meritorious defense, and offers a legitimate excuse for the delay that

caused the default. *Alba v. Urology Associates of Kingston,* 409 Pa.Super. 406, 598 A.2d 57 (1991); *Fink v. General Accident Insurance Company* 406 Pa.Super. 294, 594 A.2d 345 (1991).

> Without question, in many cases where we have found that one of the three requirements for opening a judgment was not met we have stopped without considering the arguments made with regard to the other two. [Citations omitted.] It is difficult, however, to reconcile this approach with the many other cases that emphasize the equitable nature of the decision whether to grant a petition to open, and the *importance of balancing the prejudice to the sides . . . .* The question is, Can a court make an "equitable determination" of what is "reasonable under the circumstances" without considering *all* of the circumstances of the particular case? We think not . . . *[W]here some showing has been made with regard to each part of the test, a court should not blinder itself* and examine each part as though it were a water-tight compartment, to be evaluated in isolation from other aspects of the case. Instead, *the court should consider each part in the light of all of the circumstances and equities of the case.* Only in that way can a chancellor act as a court of conscience.

*Miller Block Co. v. U.S. Nat. Bank,* 389 Pa.Super. 461, 469–70, 567 A.2d 695, 699–70 (1989), *appeal denied,* 525 Pa. 658, 582 A.2d 324 (1990), *quoting Provident Credit Corp. v. Young, supra* at 130–31, 446 A.2d at 263–64 (emphasis added).

 The trial court found that appellant had timely filed his petition to open and had set forth a meritorious defense. Trial Court Opinion at 3. According to the record, the default was taken on January 23, 1992. Appellant filed his petition to open the default judgment on January 24, 1992.[2] Thus, appellant's petition was prompt. Moreover, appellant avers that the bus, in making a turn, struck his vehicle which was at a

---

**2.** *See DiNenno v. Great Atlantic & Pacific Tea Company,* 245 Pa.Super. 498, 369 A.2d 738 (1976) (*en banc*) (petition to open, filed fifteen days after entry of a default, was promptly filed).

complete stop. If proved at trial,[3] this defense would justify relief from liability. Thus, appellant alleges a meritorious defense for the purpose of deciding whether to open the default judgment.

▮ The issue here is whether the delay in processing the paperwork occasioned by appellant's insurance carrier, Nationwide, constitutes a "reasonable justification for delay" in order to open the default judgment, entered six weeks after the complaint was served. To explain the delay, appellant emphasizes that he delivered the complaint to his insurance agency on December 5, 1991, within one day of receipt of service. The agency thereafter transmitted the paperwork to Nationwide who received it on or about December 16, 1991. Following investigation, Nationwide inadvertently proceeded to assign the case to two different attorneys, causing considerable confusion to the attorneys assigned to defend appellant. Thus, the twenty days, and more, for filing an answer were consumed in transmitting the paperwork, investigating the claim and assigning the case. Also, appellant suggests that the transmittal delays were due, in part, to the year-end holidays. Appellant concludes that these circumstances constitute a legitimate explanation to justify opening the default, particularly where the appellant acted promptly upon receiving the complaint. We agree.

▮ Conclusory statements that amount to mere allegations of negligence or mistake, absent more, will not suffice to justify a failure to appear or answer a complaint so as to warrant granting relief from a default judgment. *Cross v. 50th Ward Comm. Ambulance Co.*, 365 Pa.Super. 74, 528 A.2d 1369 (1987); *Conti v. Shaprio, Eisenstat, etc.*, 293 Pa.Super. 301, 439 A.2d 122 (1981); *Barron v. William Penn Realty Company*, 239 Pa.Super. 215, 361 A.2d 805 (1976). Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1975) (*en banc*).

3. *See Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979) (petitioner need only allege, not prove, meritorious defense at this point in the proceedings).

In *Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971), our Supreme Court held that an insurance company's mishandling of a customer's court papers constituted sufficient legal justification for an insured's relief from default. Just because an insurance carrier's representative was inadvertently responsible for the delay does not remove the equities from our consideration. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971). In *Shainline v. Alberti Builders, Inc.*, *supra* at 138–39, 403 A.2d at 508, this Court agreed that an appellant seeking to open a default judgment should not be penalized automatically for the mishandling of papers by the insurance carrier or attorney. In *Schutte v. Valley Bargain Center*, 248 Pa.Super. 532, 375 A.2d 368 (1977) and, again, in *LaLumera v. Nazareth Hosp.*, 310 Pa.Super. 401, 456 A.2d 996 (1983), we accepted delays caused by the defaulting party's insurance carriers, particularly where the litigant took steps which this Court held were reasonably calculated to result in the protection of the insured's interests.

> Generally speaking, a default attributable to a defendant's justifiable belief that his legal interests are being protected by his insurance company is excusable. *Bethlehem Apparatus Company, Inc. v. H.N. Crowder Company, Inc.*, 242 Pa.Super. 451, 364 A.2d 358 (1976). However, if the insured fails to inquire of the insurer as to the status of the case after events have occurred which should have reasonably alerted the insured to a possible problem, the insured is precluded from asserting a *justifiable* belief that its interests were being protected. *Id.*, see *Baskerville v. Philadelphia Newspapers, Inc.*, 278 Pa.Super. 59, 419 A.2d 1355 (1980).

*Autologic Inc. v. Cristinzio Movers*, 333 Pa.Super. 173, 176–77, 481 A.2d 1362, 1363 (1984). The *Autologic* court refused to accept as reasonable the excuse of justifiable reliance where the insured, Cristinzio Movers, was a sophisticated, business insured who had an employee designated for handling and monitoring damage claims. Apparently, the employee was aware that the company's insurer had declined payment on a damage claim made two years earlier. Autologic Inc. then

filed a complaint against Cristinzio Movers. The employee in charge of monitoring the damage claims failed to forward both the complaint and the notice of default to either her superiors or the insurance company. Cristinzio Movers attempted to characterize the employee's failure as a clerical mistake. This Court rejected the excuse because the insured had empowered its employee to make this decision which was a conscious decision to do nothing. Given the real question regarding insurance coverage and the employee's conscious failure to diligently pursue her employer's interests, the court held that the insured was not excused and refused to open the default judgment.

■ The circumstances in the instant case differ remarkably from those in *Autologic Inc.* Primarily, the insured herein is not a sophisticated insured with systems in place for monitoring claims lodged against the insured as part of the insured's routine business set-up. Appellant, on the contrary, is a lay-person, entrusting his claim to his broker and carrier. There was nothing to indicate to the appellant that coverage was in doubt. Moreover, the notice of intent to enter a default judgment was sent only to the appellant after appellee's counsel knew of Nationwide's intent to defend the claim. Thus, appellant should not be held strictly responsible for failing to seek reassurance from his carrier.

■ Excusable negligence must establish an oversight rather than a deliberate decision not to defend. *DiNenno v. Great Atlantic and Pacific Tea Co., Inc., supra* at 502, 369 A.2d at 740 (citations omitted). The facts of the instant case reveal that while appellant's insurance agency and insurance carrier may not have moved appellant's claim through the proper channels in the most expeditious manner, the delay was not based on a deliberate decision not to defend the claim or to prejudice appellee's attempt to establish her claim. Therefore, we cannot fault appellant for his insurer's delays in processing the claim, particularly where there is no prejudice to appellee. Appellant, on the other hand, is seriously prejudiced by the trial court's disposition which burdens appellant with liability for an accident in which appellant arguably was

not negligent. Additionally, the verdict in a subsequent damages action might exceed coverage available under the insurance policy. Appellant, moreover, cannot raise his defense in a separate proceeding and is denied thereby the opportunity to have the case resolved on the merits. Accordingly, a weighing of the prejudices to each party, as mandated by *Provident Credit Corp. v. Young, supra*, dictates the opening of the default judgment in the instant case.

In *DiNardo v. Central Penn Air Services, Inc.*, 358 Pa.Super. 75, 516 A.2d 1187 (1986), this Court reversed a trial court's decision to open a default judgment entered against an insured who, as in *Autologic Inc.*, failed to seek reassurance from its insurance carrier. The circumstances in *DiNardo* are inapposite to the instant case as well. First, the insured in *DiNardo* was also a sophisticated, corporate insured, a trucking company. Second, the insured received a copy of a letter sent by appellee's counsel to the insurer urging the insurer to respond to the complaint. The *DiNardo* court stated that this notice should have alerted the insured that the insurance company was unaware of the complaint. Third, the court in *DiNardo* was concerned with the insured's delay of eighty-eight (88) days in filing a *petition to open the default*, which is not the issue in the instant case. In fact, a thorough search of the case law reveals that in cases where this Court refused to accept the excuse of justifiable reliance, (1) the insured was a sophisticated insured with some procedure in place for monitoring claims and (2) the delays, in all cases, were considerably longer than in the present case.[4]

4. *See generally Fox v. Volkswagon of America, Inc.*, 328 Pa.Super. 338, 476 A.2d 1360 (1984), *affirmed*, 507 Pa. 429, 490 A.2d 438 (1985) (failure of bank to inquire about defense after ten month delay was not justifiable reliance); *King v. Evans*, 281 Pa.Super. 219, 421 A.2d 1228 (1980) (borough solicitor's assumption, without confirmation that borough secretary had notified the insurance carrier regarding wrongful death and survivor actions brought against the borough, failed to excuse fourteen-month inaction with respect to the complaint); *Baskerville v. Philadelphia Newspapers, Inc.*, 278 Pa.Super. 59, 419 A.2d 1355 (1980) (truck fleet owner could not assert justifiable belief that its interests were being represented by insurer after being advised by appellee's attorney that insurer had not answered complaint, default judgment was entered eight months after filing of complaint and

The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation. . . .

*Tronzo v. Equitable Gas Co.,* 269 Pa.Super. 392, 395–96, 410 A.2d 313, 315 (1979), *quoting Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. 441, 445, 368 A.2d 802, 804 (1976). *Accord, Fink v. General Accident Insurance Co., supra.* Moreover, default judgments are not favored at law or in equity, *Kennedy v. Black,* 492 Pa. 397, 424 A.2d 1250 (1981), and a standard of liberality, not strictness, should be applied in deciding a petition to open a default judgment, *Medunic v. Lederer,* 533 F.2d 891, 893 (3rd Cir.1976), because equitable principles favor allowing parties to defend causes on the merits, *Commercial Banking Corp. v. Miller,* 90 B.R. 762 (Bkrtcy.E.D.Pa.1988). In emphasizing the liberality and fairness standard, our Supreme Court has stated:

The trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the "rules of the game." A lawsuit is a judicial process calculated to resolve legal disputes in an orderly and fair fashion. It is imperative that the fairness

insured waited another four months before filing its petition to open default judgment); *Bethlehem Apparatus Company, Inc. v. H.N. Crowder, Jr., Co.,* 242 Pa.Super. 451, 364 A.2d 358 (1976) *(en banc)* (business insured who, knowing that there was some question concerning insurer's responsibility to defend, left complaint with attorney, did not forward complaint to carrier and provided, in petition to open default, no more than mere assertion of insurer's failure to answer, did not justifiably believe its interests were being protected, where default judgment entered three months after service of complaint and petition to open default judgment was filed nine months later); *MacClain v. Penn Fruit, Inc.,* 241 Pa.Super. 303, 361 A.2d 403 (1976) *(en banc)* (claims of oversight in failing to forward suit papers to defendant's corporate headquarters, absent a more factual basis to support a plea for relief, did not excuse delay in answering complaint); *Fishman v. Noble, Inc.,* 236 Pa.Super. 611, 346 A.2d 359 (1975) *(en banc)* (failure to enter appearance due to unusual error by insurer with no explanation as to why there was confusion about who was insured on the policy, other than the information was at the company's home office, did not excuse delay).

of the method by which the resolution is reached not be open to question. A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, ... is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure.

*Byard F. Brogan, Inc. v. Holmes Elec. Protect. Co.*, 501 Pa. 234, 240, 460 A.2d 1093, 1096 (1983). The ethical considerations accompanying the practice of law require at least a modicum of "good faith, mutual respect and courtesy normally expected in the legal community." *Jung v. St. Paul's Parish*, 522 Pa. 167, 173, 560 A.2d 1356, 1359 (1989). Without the rudimentary amount of courtesy or accession to reasonable requests, the legal profession is demeaned and its procedures reduced to a "vulgar scramble." *Silverman v. Polis, supra* at 371, 326 A.2d at 454–55.

■ Instantly, appellee's counsel failed to demonstrate the professional courtesy expected of the legal profession.[5] On several occasions, appellant's counsel made modest requests of appellee's counsel. While under no strict legal obligation to do so, the courtesy of a return phone call or a fax request appeared to be more than appellee's counsel was prepared to consider. Zeal, while admirable, must be tempered by decency. Counsel's resistance to cooperate is but another equitable consideration compelling the opening of the default judgment.

Based on the foregoing analysis, we hold that the overall equities in this case warrant opening the default judgment. Appellant made some showing with regard to each prong of the applicable three-part test. Moreover, the delays were

**5.** Model Code of Professional Responsibility, Canon 7, Ethical Consideration 7–38 provides:

**EC 7–38** A lawyer should be courteous to opposing counsel and should accede to reasonable requests regarding court proceedings, settings, continuances, waiver of procedural formalities, and similar matters which do not prejudice the rights of his client. He should follow local customs of courtesy or practice, unless he gives timely notice to opposing counsel of his intention not to do so. A lawyer should be punctual in fulfilling all professional commitments. (footnotes omitted).

caused by those other than appellant. Additionally, appellee's counsel did not act in good faith, with the requisite professional respect and courtesy. The trial court erred, therefore, by not weighing the equities in this case in light of all the circumstances or considering the relative prejudice to each party. Thus, we reverse the trial court's order denying appellant's petition to open the default judgment and remand for trial on the merits. Jurisdiction relinquished.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

Given our standard of review in an appeal from a petition to open default judgment, I am compelled to dissent from the majority opinion. As this Court stated in *Fink v. General Accident Insurance Co.,* 406 Pa.Super. 294, 594 A.2d 345 (1991), the trial court's decision to deny a petition to open default judgment will not be reversed absent an abuse of discretion. The trial court found that Pietropaolo, as required, promptly filed his petition to open and that he offered a meritorious defense to the underlying claim. *Id.* The lower court, however, refused to open the judgment because it found that Pietropaolo did not provide a reasonable explanation for failing to respond to the complaint. It held that the insurance company's six-week delay in transmitting the complaint to their counsel was inexcusable, especially since appellant took the complaint to the agency the day after he received it. Trial court opinion at pp. 3–4. I cannot hold that such a decision was an abuse of discretion.