J-S58034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

JOHN COUTURIAUX

           Appellee

           v.

WILLIAM S. ALBERT

           Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 462 WDA 2014

Appeal from the Order Entered February 26, 2014
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): No. 2013-446-CD

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:      **FILED SEPTEMBER 19, 2014**

Appellant, William S. Albert, appeals from the order entered in the Clearfield County Court of Common Pleas, denying Appellant's petition to open a default judgment.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> DID THE TRIAL COURT COMMIT AN ERROR OF LAW OR ABUSE ITS DISCRETION BY REFUSING TO OPEN THE JUDGMENT ENTERED IN THIS MATTER IN FAVOR OF [APPELLEE] BY FINDING THAT [APPELLANT] DID NOT PROMPTLY FILE HIS PETITION TO OPEN WHERE [APPELLANT] PRESENTED SUBSTANTIAL EVIDENCE THAT HE ACTED IN A TIMELY MANNER UNDER THE CIRCUMSTANCES SINCE [APPELLANT] CANNOT READ

_____

*Retired Senior Judge assigned to the Superior Court.

NARRATIVE PASSAGES, MR. GILBERT HAD TAKEN ALL OF [APPELLANT'S] MAIL RELATING TO THIS LAWSUIT AND HAD ASSURED [APPELLANT] THAT HE WAS TAKING CARE OF THE CASE, AND THE TIME THAT ELAPSED BETWEEN [APPELLANT'S] RECEIPT OF THE NOTICE OF THE SHERIFF'S SALE ON NOVEMBER 22, 2013 AND THE FILING OF THE PETITION TO OPEN ON DECEMBER 31, 2013 IS SIGNIFICANTLY SHORTER THAN THE DELAY IN **QUEEN CITY** AND OTHER CASES CITED BY [APPELLANT] BELOW?

DID THE TRIAL COURT COMMIT AN ERROR OF LAW OR ABUSE ITS DISCRETION BY REFUSING TO OPEN THE JUDGMENT ENTERED IN THIS MATTER IN FAVOR OF [APPELLEE] BY FINDING THAT [APPELLANT] DID NOT PROVIDE A REASONABLE EXCUSE FOR DEFAULT WHERE [APPELLANT] PRESENTED SUBSTANTIAL EVIDENCE THAT HE CANNOT READ OR WRITE NARRATIVE PASSAGES AND WAS THE VICTIM OF FINANCIAL ELDER ABUSE BY RICHARD GILBERT WHO ASSURED HIM HE WAS TAKING CARE OF THIS CIVIL ACTION WHEN HE IN FACT WAS NOT?

DID THE TRIAL COURT COMMIT AN ERROR OF LAW OR ABUSE ITS DISCRETION BY REFUSING TO OPEN THE JUDGMENT ENTERED IN THIS MATTER IN FAVOR OF [APPELLEE] WHEN IT DID NOT EXAMINE EACH PRONG OF THE OPEN JUDGMENT TEST IN LIGHT OF ALL THE CIRCUMSTANCES AND EQUITIES OF THE CASE AND INSTEAD ANALYZED EACH PRONG OF THE TEST SEPARATELY WITH BLINDERS ON AND IGNORED [APPELLANT'S] SUBSTANTIAL EVIDENCE THAT ESTABLISHED "SOME SHOWING" WITH REGARD TO EACH PART OF THE TEST?

(Appellant's Brief at 3-4).

The decision to grant or deny a petition to open a default judgment is a matter of judicial discretion. **Schultz v. Erie Ins. Exchange**, 505 Pa. 90, 477 A.2d 471 (1984). A petition to open a default judgment is an appeal to the court's equitable powers, and absent an error of law or an abuse of

discretion, this Court will not disturb that decision on appeal. ***Reid v. Boohar***, 856 A.2d 156 (Pa.Super. 2004).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted).

Where a petition to open a default judgment is not filed within ten (10) days of entry of the default judgment,[1] the movant must (1) promptly file a petition to open, (2) offer a justifiable excuse for the delay that caused the default, and (3) aver a meritorious defense that, if proved at trial, would afford the defendant relief. ***Reid, supra*** at 160. To succeed, the petitioner must meet all three requirements. ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa.Super. 2009); ***Duckson v. Wee Wheelers Inc.***, 620 A.2d 1206 (Pa.Super. 1993). In other words, if the petitioner fails to meet even one requirement for opening judgment, the court can deny relief without even considering arguments made with regard to the two other requirements. ***Id.*** at 1209.

---

[1] Rule 237.3(b) of the Pennsylvania Rules of Civil Procedure provides: "If the petition [challenging the default judgment] is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b).

If the petitioner has made some showing as to all three prongs of the test, then the court is entitled to consider each point in light of all the "circumstances and equities of the case." *Id.* at 1209. Courts "must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits." *Id.* at 1208.

With respect to the first requirement that the petitioner promptly file a petition to open, this Court does not "employ a bright line test"; courts focus "on two factors: (1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Flynn v. America West Airlines*, 742 A.2d 695, 698 (Pa.Super. 1999). Given an acceptable reason for the delay, one month or less between the entry of the default judgment and the filing a petition for relief from the judgment typically meets the time requirement for a prompt filing of a petition for relief. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa.Super. 2009). *See also US Bank N.A., supra* (comparing cases and rejecting eighty-two day interval between default judgment and petition for relief as tardy).

With respect to the second requirement of a justifiable excuse, courts look to the specific circumstances of the case to determine whether the petitioner offered a legitimate explanation for the delay that caused entry of a default judgment. *Id.* "While some mistakes will be excused, …mere

carelessness will not be…." ***Bahr v. Pasky***, 439 A.2d 174, 177 (Pa.Super. 1981). In ***Flynn***, for example, the petitioner's unintentional failure to act due to a defective mail receipt system was not considered a legitimate explanation for the delay that caused entry of the default judgment. ***Flynn, supra*** at 699. Finally, as to asserting a meritorious defense, the petitioner must aver facts that if proved at trial would justify relief. ***See Duckson, supra***.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Fredric J. Ammerman, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** Trial Court Opinion, dated February 25, 2014, at 1-8) (regarding test to succeed on petition to open judgment: (a) Appellant's 12/31/13 petition to open was not promptly filed under circumstances; Appellant was served complaint on 4/2/13 and 9 months passed until he filed any responsive document; given Appellant's prior experience with legal proceedings, receipt of complaint and subsequent documents in matter should have put him on notice to seek legal assistance; moreover, Appellant was aware long before Appellant's 12/31/13 filing that Mr. Gilbert (who allegedly told Appellant he would take care of lawsuit for him) was taking advantage of Appellant; authorities filed criminal complaint against Mr. Gilbert for his scams in 9/13, which should have prompted Appellant to

investigate whether Mr. Gilbert was actually handling suit for Appellant or scamming him; Appellant's belief in Mr. Gilbert was not justifiable; even if Appellant did not know of execution on his property until 11/22/13, Appellant still waited over one month before retaining attorney, which is unreasonable under circumstances; (b) Appellant's excuse that he thought Mr. Gilbert was handling matter was unreasonable; Appellant should have investigated status of his case; Appellant was involved in litigation before and should have known consequences for not participating in case; Appellant failed to proffer reasonable excuse for delay; (c) Appellant contends Appellee failed to pay real estate taxes for parcel from 2003 onward in breach of purchase agreement; any breach of agreement entitles Appellant to terminate agreement and retain all monies paid as liquidated damages; Appellant has made sufficient allegations of plausible (but perhaps disingenuous) defense to fulfilling his contractual duties; nevertheless, Appellant failed to establish other two prongs of test to succeed on petition to open, where Appellant did not file petition to open promptly and had no reasonable excuse for delay in answering complaint). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.


Judgment Entered.

_____

- 6 -

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/19/2014</u>

IN THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN V. COUTURIAUX,
               Plaintiff      :

        vs.                :     Case No. 2013-446-CD

WILLIAM S. ALBERT,
               Defendant   :

**OPINION and ORDER**

FILED

FEB 2 6 2014

BRIAN K. SPENCER
PROTHONOTARY & CLERK OF COURTS

*Background Facts and Procedural History*

John V. Couturiaux (hereinafter "Plaintiff") and William S. Albert (hereinafter "Defendant") entered into an Agreement of Sale dated September 12, 2002. The parties intended for Defendant to sell to Plaintiff five (5) acres of land owned by Defendant located in Boggs Township, Clearfield County. At the time of signing the Agreement, Defendant was the owner of a larger tract of land, containing approximately sixty-two (62) acres. The five (5) acre parcel was to be subdivided out of the larger expanse owned by Defendant. Said parcel was entitled "L#3" and identified on a map attached to the Agreement of Sale. Per the Contract, Plaintiff was to pay twenty-five thousand dollars ($25,000.00) to purchase the tract. The plan for imbursement included a down payment of five thousand dollars ($5,000.00) and monthly installments of two hundred dollars ($200.00) until the balance was paid in full.

The parties agree that Plaintiff made payments against the purchase price and paid the entire twenty-five thousand dollars ($25,000.00) owed to Defendant as of November 12, 2010. The parties disagree about what events occurred next. Plaintiff maintains that he demanded the deed for the premises from Defendant and Defendant refused to deliver such, as Defendant had already sold the parcel dubbed "L#3" to a bona fide purchaser. Conversely, Defendant states that Plaintiff never made such a demand and breached the Agreement for failure to pay

1

the property taxes for the lot, per the Purchase Agreement. Defendant avers that, while he has already sold the land Plaintiff desires, there was never a concrete description of the land to be sold in the Agreement and other similar lots are available in the vicinity that Defendant is willing to convey to Plaintiff.

As Defendant did not convey the land Plaintiff believed he was entitled to, on March 25, 2013, Plaintiff filed a Complaint, which included two counts; one for specific performance for the Agreement of Sale and one for rescission of the Agreement and the return of all monies paid by Plaintiff to Defendant under the contract. Said Complaint was personally served by Deputies from the Sheriff's Office of Clearfield County on April 2, 2013. As Defendant did not file any responsive pleading to the Complaint, Plaintiff sent Defendant a Notice of Default on April 24, 2013. Since Defendant did not reply to this Notice, Plaintiff subsequently filed a Praecipe for Entry of Default Judgment on May 9, 2013.

Since there was no legal remedy available to Plaintiff, due to Defendant selling the property owed to Plaintiff to a third party; Plaintiff motioned the Court for a hearing on the equitable issues and to enter judgment. A copy of said Motion and scheduling order was sent to Defendant on May 16, 2013. On June 24, 2013, after holding the requested hearing, the Court granted an Order awarding Plaintiff twenty-five thousand dollars ($25,000.00) in damages for the breach of Contract. A Praecipe for Judgment was filed by Plaintiff and mailed to Defendant on June 27, 2013.

In order to secure the amount due to him by Defendant, Plaintiff filed a Praecipe for Writ of Execution on September 24, 2013, which was mailed to Defendant the next day. The Sheriff's Office posted Defendant's property on November 22, 2013 for sale on January 10, 2014. Said posting included personal service on Defendant by the Sheriff's Deputies.

2

In response to the looming Sheriff's Sale, Defendant then filed a Petition to Stay Execution and Open Judgment on December 31, 2013. Defendant's Petition to Open Judgment is currently before the Court for decision. The Court would note that, up until this juncture, Defendant never attended or attempted to participate in any of the aforementioned proceedings. Nor did Defendant ever file any pleadings in this matter. The Sheriff's Sale of Defendant's property was stayed by the Court pending the outcome of Defendant's Petition. The Court held a hearing on the Petition to Open Judgment on January 24, 2014. At the conclusion of the hearing, the Court ordered that the parties submit briefs on the matter. Upon receipt of the parties' briefs, the Petition to Open Judgment is now ripe for decision.

*Analysis*

A request to open a judgment is in the nature of an appeal to the equitable powers of the court. *Bartolomeo v. Marshall*, 69 A.3d 610 (Pa. Super. Ct. 2013). Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious claim. *Smith v. Friends Hosp.*, 928 A.2d 1072 (Pa. Super. Ct. 2007). In addition to evaluating whether a party has met the burden of the tripartite test, a court is also to balance the equities when considering whether to grant a Petition to Open a default judgment. *ABG Promotions v. Parkway Publishing, Inc.*, 834 A.2d 613, 618 (Pa. Super. Ct. 2003). The Superior Court has recognized that "where some showing has been made with regard to each part of the test, a court should not blinder itself and examine each part as though it were a watertight compartment[.]" *Allegheny Hydro No. 1 v. American Line Builders*, 722 A.2d 189, 192 (Pa. Super. Ct. 1998). A court should, instead, "consider each part in light of all the circumstances

3

and equities of the case." *Id.* The Court will therefore explicate each prong of the test in turn and cogitate the equities of the situation.

### 1. Has the Petition been Promptly Filed?

The Court believes that Defendant has not proven that his Petition was punctually filed. Whether a petition is promptly filed is "an equitable determination which must be made in light of what is reasonable under the circumstances." *Queen City Elec. Supply Co., Inc. v. Soltis Elec. Co., Inc.*, 421 A.2d 174, 177 (Pa. 1980). It is well established that where equitable circumstances exist, a default judgment may be opened regardless of the time that may have elapsed between entry of the judgment and filing of the petition to open. See *Baranofski v. Malone*, 91 A.2d 908, 909 (Pa. 1952).

In the case *sub judice*, Defendant maintains that he was victim of a scam. The alleged con involved an individual posing as a F.B.I. agent and who promised to take care of the current suit for Defendant.[1] Defendant relied on this supposed agent's assertions and believed the matter was resolved. Moreover, Defendant buttresses his argument by stating that he cannot fully read or write narrative passages, since he only has a tenth grade education. Defendant expresses that he did not know what he was receiving when the Sheriff's Deputies handed him the Complaint, or any of the mailings thereafter. Further, Defendant says he did not know there was a judgment against him until November 22, 2013. He then retained counsel, who filed the Petition to Open on December 31, 2013. Defendant contends that said filing was prompt under the conditions.

---

[1] Richard A. Gilbert is the individual Defendant alleges impersonated a Federal Agent. Mr. Gilbert has been charged in this County with impersonating a public servant, theft by unlawful taking, possession of a firearm prohibited, disorderly conduct, driving while operating privilege is suspended/revoked, and theft by deception-false impression. These charges stemmed from numerous instances where Mr. Gilbert purportedly scammed money from senior citizens by impersonating a F.B.I agent. Defendant is an alleged victim of Mr. Gilbert. The charges, at the date of this Opinion and Order, are still pending.

4

The Court believes that the December 31, 2013 filing is not speedy in light of the circumstances. At the hearing on this matter, Defendant testified that he has been involved with the legal system in other proceedings. Defendant was properly and personally served with the Complaint on April 2, 2013 and nine months passed until he filed any pleading in response. With Defendant's prior legal experience, this Complaint, as well as the numerous other legal documents, should have put him on notice to seek legal assistance.

Moreover, Defendant was aware he was being taken advantage of by Mr. Gilbert months before his December 31, 2013 filing. The criminal complaint filed against Mr. Gilbert was dated September 3, 2013. If Defendant knew at that time that he was a victim of fraud, that knowledge should have prompted Defendant to investigate this suit that Mr. Gilbert was allegedly handing for him. There is no doubt that Defendant knew that there was a court case pending, as he asked Mr. Gilbert to see into the matter. When Defendant discovered Mr. Gilbert's true identity he should have looked into the various matters Mr. Gilbert was managing for him.

Defendant asseverates that he did not know of the execution on his property until Sheriff's Deputies personally served him on November 22, 2013. Assuming *arguendo* that Defendant's above-mentioned story is accurate, Defendant still waited over one month before retaining an attorney. A reasonable person, under these circumstances, would have punctually sought legal advice in a timelier manner. Therefore, it is the Court's belief that Defendant has failed to placate this condition of the test to open judgment.

*2. Has Defendant Provided a Reasonable Excuse or Explanation?*

"Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." *Castings Condominium Ass'n, Inc. v. Klein,* 663 A.2d 220, 223-24

5

(Pa. Super. Ct. 1995). The Superior Court has usually addressed the question of legitimate excuse in the context of an excuse for failure to make a timely filing. For example, a reasonable excuse for default existed where a petitioner failed to file a timely answer because his insurance company delayed processing his claim. *Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1210 (Pa. Super. Ct. 1993); *see also, Balk v. Ford Motor Co.*, 285 A.2d 128 (Pa. 1971) (reasonable excuse for default existed where insurance company mishandled court documents); *Davis v. Burton*, 529 A.2d 22 (Pa. Super. Ct. 1987) (discussing the difference between reasonable and unreasonable excuses for default where attorneys fail to file a timely answer to a complaint), *appeal denied*, 544 A.2d 1342 (Pa. 1988).

This factor dovetails with the Court's discussion on the aforesaid factor. Once again, the excuse of a F.B.I. handling a lawsuit for Defendant is far from reasonable. Even if it was logical, Defendant should have reconnoitered the status of this case when he discovered that he was a victim of fraud. Instead, Defendant waited months until investigating what was occurring. Also, Defendant had been involved in litigation before, and should have known the consequences for not participating in this case. Defendant, consequentially, has failed to proffered a reasonable excuse for his delay.

### 3. Has Defendant Alleged a Meritorious Defense?

Lastly, the Court will address Defendant's argument that he raised a meritorious defense. As stated above, Defendant must allege a meritorious defense to the underlying cause of action in his Petition to Open. The condition that a petition to open a default judgment must include a meritorious defense requires only that "a defense must be pleaded that if proved at trial would justify relief." *Penn-Delco Sch. Dist. v. Bell Atl.-Pa., Inc.*, 745 A.2d 14, 19 n. 7 (Pa. Super. Ct. 1999). At this procedural stage, this Court need not try the

6

case on the merits when considering an equitable petition to open a default judgment. *Alexander v. Jesray Const. Co.*, 346 A.2d 566 (Pa. Super. Ct. 1975). Defendant believes that he has made sufficient allegations, which if proven at trial, would establish a defense to Plaintiff's claims. The Court agrees.

Defendant contends that Plaintiff failed to pay real estate taxes for the five (5) acres in question from 2003 onward. Per the Purchase Agreement, Plaintiff was to pay property taxes on the subject property. Defendant states that Plaintiff failed to tender such payments. The Purchase Agreement prescribes that if Plaintiff fails to comply with any condition of the Agreement, Defendant may, at his option, declare the Agreement terminated and retain all payments made by Plaintiff as liquidated damages.

Plaintiff believes that this argument is misleading. Defendant testified at the hearing, on January 24, 2014, that he knows he owes Plaintiff a piece of property, because Plaintiff paid the full purchase price to Defendant. According to Plaintiff, the argument is deceptive because it is a contradiction for Defendant to claim that the taxes were not paid by Plaintiff and then state on the record that Defendant owes Plaintiff real estate. However, the Court believes, at this juncture in the proceedings that the bar to plead a defense is near to the ground. If Defendant has the option to terminate the agreement, then he does have a defense to fulfilling his contractual obligations. While the argument might be disingenuous, it is still a plausible defense.

*Conclusion*

The Court, in examining the equities in this case, finds that the judgment against Defendant should not be opened. While one factor may weigh in favor of granting Defendant's Petition, Defendant has failed to meet all of the requisites necessary to open

7

judgment. Defendant was not prompt in his response to this suit, nor was his delay supported by a reasonable excuse. Accordingly, Defendant's Petition is denied.

Based on the foregoing Opinion, the Court enters the following:

## ORDER

AND NOW, this 25th day of February, 2014, upon a hearing on the matter and submission of briefs, it is the ORDER of this Court that the Petition to Open Judgment, filed by Defendant, William S. Albert, shall be and is hereby DENIED.

BY THE COURT,

FREDRIC J. AMMERMAN,
PRESIDENT JUDGE

8