J-A17034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BORIS MARKH AND ALLA MARKH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| MIKHAIL AND IRINA KOTIKOVSKY | |
| Appellants | No. 283 EDA 2015 |

Appeal from the Order November 24, 2014
In the Court of Common Pleas of Pike County
Civil Division at No(s): 1864-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 07, 2015**

Appellants, Mikhail and Irina Kotikovsky, appeal from the order entered in the Pike County Court of Common Pleas, which denied Appellants' petition to open a default judgment.  We affirm.

The relevant facts and procedural history of this case are as follows. On January 1, 2013, Appellees, Boris Markh and Alla Markh, were guests at Appellants' vacation home in Dingman's Ferry.  Mr. Markh allegedly sustained injuries after he slipped and fell on icy stairs located on the property.  Appellees filed a complaint in negligence on November 22, 2013, and served the complaint on Appellants on November 26, 2013.  Appellants did not file a responsive pleading.  On February 11, 2014, Appellees sent Appellants a ten-day notice of intent to file a *praecipe* for entry of default judgment, per Pa.R.C.P. 237.1.  Twenty-one days later, on March 4, 2014,

Appellees filed a *praecipe* to enter default judgment, and the prothonotary entered judgment by default against Appellants.

Counsel for Appellants entered an appearance on May 2, 2014. On May 13, 2014, Appellants filed a petition to open the default judgment, along with an answer and new matter to the complaint. Following a hearing, the trial court denied the petition on November 25, 2014. Appellants filed a timely notice of appeal on December 19, 2014. The court ordered Appellants to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), and Appellants timely complied.

Appellants raise the following issues for our review:

> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN IT DENIED [APPELLANTS'] PETITION TO OPEN DEFAULT JUDGMENT PURSUANT TO PA.R.CIV.P. 237.3 AND ESTABLISHED CASELAW WHERE THE EVIDENCE ESTABLISHED THAT [APPELLANTS] MET THE FOLLOWING THREE REQUIREMENTS: (1) A PROMPT FILING OF A PETITION TO OPEN THE DEFAULT JUDGMENT; (2) A MERITORIOUS DEFENSE; AND (3) A REASONABLE EXCUSE OR EXPLANATION FOR THEIR FAILURE TO FILE A RESPONSIVE PLEADING?

> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN IT DENIED [APPELLANTS'] PETITION TO OPEN DEFAULT JUDGMENT BECAUSE, IN REACHING ITS CONCLUSION THAT [APPELLANTS'] REASONS FOR DELAY DID NOT EXCUSE THE DELAY AND THAT THE PETITION WAS NOT FILED PROMPTLY, THE COURT EXERCISED JUDGMENT WHICH IS MANIFESTLY UNREASONABLE UNDER THE CIRCUMSTANCES?

> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN IT DENIED [APPELLANTS'] PETITION TO OPEN DEFAULT JUDGMENT BECAUSE THE COURT'S ANALYSIS REGARDING THE PROMPTNESS REQUIREMENT

IS AT ODDS WITH MODERN JURISPRUDENCE AND THE TYPICAL TIMELINE ASSOCIATED WITH LITIGATION OF CIVIL MATTERS IN THE STATE COURT SYSTEM FROM INCEPTION THROUGH TRIAL?

WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN IT DENIED [APPELLANTS'] PETITION TO OPEN DEFAULT JUDGMENT WHERE EQUITY CLEARLY FAVORED OPENING THE JUDGMENT?

WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN IT DENIED [APPELLANTS'] PETITION TO OPEN DEFAULT JUDGMENT WHERE [APPELLEES] DID NOT SUFFER ANY PREJUDICE BASED ON THE DELAY BETWEEN THE ENTRY OF DEFAULT JUDGMENT AND THE FILING OF THE PETITION TO OPEN DEFAULT JUDGMENT?

(Appellant's Brief at 4-5).

In their issues combined, Appellants argue they raised several meritorious defenses in their answer and new matter. Appellants concede proper service of the complaint and filings related to entry of the default judgment. Nevertheless, Appellants contend their delay was excusable because they thought their insurance company, which had been in contact with Appellees' counsel following the incident, was handling the matter. Appellants claim Appellees' counsel failed to provide a copy of the complaint to the insurance company or to advise it that Appellees had filed a complaint. Appellants assert Appellees' counsel knew before the complaint was filed that Appellants' insurance company intended to defend the claims. Appellants "admit that there is no precedent under Pennsylvania law which would allow for a delay [of] roughly 70 days between the date of a default judgment being taken and a petition to open a default judgment being filed."

(Appellant's Brief at 16). Appellants assert, however, that current precedent "is at odds with modern case realities," given the typically long period of pretrial activity in civil cases. *Id.* at 17. Appellants reject a "bright line test" for promptness and emphasize that Appellees failed to allege any prejudice caused by Appellants' delay in filing a responsive pleading. Appellants conclude they satisfied the three-prong standard to justify opening the default judgment. We disagree.

The decision to grant or deny a petition to open a default judgment is a matter of judicial discretion. ***Schultz v. Erie Ins. Exchange***, 505 Pa. 90, 477 A.2d 471 (1984). A petition to open a default judgment is an appeal to the court's equitable powers, and absent an error of law or an abuse of discretion, this Court will not disturb that decision on appeal. ***Reid v. Boohar***, 856 A.2d 156 (Pa.Super. 2004).

Pennsylvania Rule of Civil Procedure 237.3(b) provides: "If the petition [challenging the default judgment] is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b). Where a petition to open a default judgment is not filed within ten (10) days of entry of the default judgment, the movant must "(1) promptly file a petition to open judgment, (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer." ***Reid, supra*** at 160. To succeed, the petitioner must

meet all three requirements. ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa.Super. 2009); ***Duckson v. Wee Wheelers Inc.***, 620 A.2d 1206 (Pa.Super. 1993). In other words, if the petitioner fails to meet even one requirement for opening judgment, the court can deny relief without even considering arguments made with regard to the two other requirements. ***Id.*** at 1209. If the petitioner has made some showing as to all three prongs of the test, then the court is entitled to consider each point in light of all the "circumstances and equities of the case." ***Id.*** Courts "must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits." ***Id.*** at 1208.

With respect to the first requirement that the petitioner promptly file a petition to open, this Court does not "employ a bright line test"; courts focus "on two factors: (1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." ***Flynn v. America West Airlines***, 742 A.2d 695, 698 (Pa.Super. 1999). Given an acceptable reason for the delay, one month or less between the entry of the default judgment and the filing a petition for relief from the judgment typically meets the time requirement for a prompt filing of a petition for relief. ***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 176 (Pa.Super. 2009). ***See also US Bank N.A., supra*** (comparing cases and rejecting eighty-two day interval between default judgment and

petition for relief as tardy).

With respect to the second requirement of a justifiable excuse, courts look to the specific circumstances of the case to determine whether the petitioner offered a legitimate explanation for the delay that caused entry of a default judgment. *Id.* "While some mistakes will be excused, …mere carelessness will not be…." *Bahr v. Pasky*, 439 A.2d 174, 177 (Pa.Super. 1981).

> Generally speaking, a default attributable to a defendant's justifiable belief that his legal interests are being protected by his insurance company is excusable. However, if the insured fails to inquire of the insurer as to the status of the case after events have occurred which should have reasonably alerted the insured to a possible problem, the insured is precluded from asserting a **justifiable** belief that its interests were being protected.

*Duckson, supra* at 1210 (citations omitted) (emphasis in original). Finally, as to asserting a meritorious defense, the petitioner must aver facts that if proved at trial would justify relief. *See id.*

Instantly, the trial court reasoned as follows:

> [Appellants] allege numerous reasons for the delay in filing their answer and petition: [Appellants'] lack of legal expertise, [Appellants'] belief the insurance company was handling the case, the mistaken belief the insurance company was also receiving the case related correspondence and no action was required on [Appellants'] behalf, and the failure of [Appellees'] attorney to advise the insurance company of the developments within the case. While [Appellants] have advanced a myriad of reasons for the delay, the court does not agree that the reasons provided excuse the prolonged delay. The default judgment was entered on March 4, 2014; Entry of Appearance on May 2, 2014; and the

petition [to open default judgment] on May 13, [2014,] approximately 70 days, or 10 weeks, after the filing of the default judgment. After considering the length of time and the reasons for the delay, the court rejects the assertion that [Appellants] have promptly filed their petition to open default judgment. Therefore, because [Appellants] have failed under the first prong, which requires a promptly filed petition, the court will not exercise its discretion to open default judgment.

(Order, filed 11/25/14). The court added the following in its Rule 1925(a) opinion: "[E]ven if a seventy (70) day delay were considered prompt, the excuses proffered and the evidence presented by [Appellants] failed to convince the [c]ourt that a granting of the Petition is warranted." (Trial Court Opinion, filed January 29, 2015, at 3). The record supports the court's analysis. Appellants acknowledge proper service of the complaint, the Rule 237.1 ten-day notice of Appellees' intent to seek a default judgment, and the *praecipe* to enter default judgment. The language of the ten-day notice complied with Pa.R.C.P. 237.5, informing Appellants that (1) they failed to enter an appearance personally or through an attorney; (2) they failed to file in writing with the court their defenses or objections to the claims in Appellees' complaint; (3) unless Appellants acted within ten days, a judgment might be entered against them without a hearing and they may lose their property or other rights; and (4) they should take the notice to a lawyer at once. *See* Pa.R.C.P. 237.5. Even after Appellants received that notice, they failed to contact their insurance company or an attorney or take any other action. By that point, Appellants knew or should have known that

their insurance company was not handling the matter or protecting their interests. Appellants then received notice of entry of the default judgment. Nevertheless, Appellants failed to file a petition to open the default judgment for over two months after default judgment was entered and almost six months after the complaint was filed and served.[1] Therefore, the trial court acted within its discretion when it denied Appellants' petition on the grounds that it was not promptly filed and Appellants' misplaced reliance on their insurance company was not a legitimate excuse for their protracted delay in responding to Appellees' complaint.[2] *See US Bank N.A., supra*; *Reid, supra*; *Duckson, supra*. Accordingly, we affirm.

Order affirmed.

_____

[1] At the October 28, 2014 petition to open hearing, Appellant Mr. Kotikovsky's testimony on this issue was inconsistent. He initially stated he took no action when he received the complaint, Rule 237.1 notice, or *praecipe* to enter default judgment. On cross-examination, however, Appellant Mr. Kotikovsky alternatively testified that he could not remember what he did, and that he did in fact contact the insurance company at some point. Appellants' insurance claims representative testified that he received no documents from Appellants or information that Appellants had been served with any documents.

[2] Appellants' reliance on the outcome in *Duckson, supra*, is inappropriate because in *Duckson*, the defendant filed a petition to open the default judgment **one day** after the default judgment had been entered. *See id.* Moreover, Appellants' dissatisfaction with current precedent does not justify this Court's deviation from it.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/7/2015</u>