J-A05001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ADAM HERBERT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LILIYA KHOLYAVKA | |
| Appellant | No. 3157 EDA 2010 |

Appeal from the Order Entered September 29, 2010
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1486 April Term 2010

BEFORE:  GANTMAN, P.J., SHOGAN, J., and ALLEN, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 17, 2015**

Appellant, Liliya Kholyavka, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying her petitions to open/strike a default judgment entered in favor of Appellee, Adam Herbert. We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> On April 12, 2010, [Appellee] filed a Complaint for Declaratory Judgment against [Appellant].  The Complaint alleges that [Appellant] and [Appellee] had entered into an Agreement of Sale for real property.  [Appellant] placed $6,000 in escrow as a down payment towards the purchase.  The Agreement states that if [Appellant] failed to close, [Appellee's] remedies were limited to retaining the down payment.  [Appellant] was notified in 2002 that the Agreement was terminated due to [Appellant's] failure to close.  [Appellee] declared a forfeiture of the deposit monies and notified [Appellant] of her right to mediation.

[Appellant] did not respond. [Appellant] was served with the Complaint on April 17, 2010 by personal service. [Appellant] did not file a response and a default judgment was entered on June 1, 2010. On August 16, 2010, [Appellant] filed both a Petition to Strike and Petition to Open the default judgment. This court denied both Petitions on September 29, 2010.

(Trial Court Opinion, filed January 25, 2011, at 1-2). On October 29, 2010, Appellant filed a notice of appeal. The appeal was subsequently stayed on May 18, 2011, due to Appellant filing for bankruptcy protection earlier in May 2011. The Bankruptcy court ultimately dismissed the matter on February 28, 2012. Following notice to this Court on June 27, 2014, of the bankruptcy case dismissal, this Court vacated the stay on July 24, 2014, and permitted the appeal to proceed.

Appellant raises the following issues for our review:

DID NOT THE TRIAL COURT ERR BY ITS FAILURE TO EXERCISE JUDICIAL DISCRETION IN LIGHT OF THE SELLER'S FAILURE TO JOIN THE ESCROW HOLDER IN THE ACTION?

DID NOT THE TRIAL COURT ERR BY REFUSING TO STRIKE OFF THE DEFAULT JUDGMENT IN ABSENCE OF JOINDER OF AN INDISPENSABLE PARTY?

DID NOT THE TRIAL COURT ERR BY REFUSING TO OPEN THE JUDGMENT AND LET THE BUYER IN FOR A DEFENSE BASED UPON SELLER'S AND BUYER'S AGREEMENT TO MEDIATE ANY DISPUTE OR CLAIM?

(Appellant's Brief at 4).

In issues one and two combined, Appellant asserts all persons having an interest in the proceedings who would be affected by the declaratory

judgment must be made parties to the action. Specifically, Appellant argues the real estate broker ("Broker"), acting as escrow agent, was required to be made a party to the declaratory judgment action. Appellant avers Broker is an indispensable party because the relief sought in the action is an order requiring Broker to surrender the escrow funds to Appellee. Appellant believes the failure to join Broker is a jurisdictional defect, and scheduling an assessment of damages hearing following entry of the default judgment exceeded the jurisdiction of the court, absent joinder of Broker. In other words, Appellant contends the failure to join Broker in the action deprives the court of subject matter jurisdiction, because Broker has an interest affected by the declaration. Appellant asserts the judgment by default in this declaratory judgment action must be struck as there was no joinder of Broker, which constitutes a fatal defect on the face of the record. Appellant claims the default judgment is void, because the trial court lacked subject matter jurisdiction. Appellant avows the issue of failure to join Broker as an indispensable party can be raised for the first time on appeal, even though Appellant did not present it to the trial court.

In issue three, Appellant directs our attention to paragraph "29" of the Agreement for Sale, titled "MEDIATION." Appellant contends she and Appellee elected to include the mediation clause in their agreement, and as a result, mediation is a necessary first step before any judgment could be entered. Additionally, Appellant asserts the trial court misinterpreted the

intent of the mediation clause and incorrectly disregarded its effect upon the judicial proceeding. Appellant concludes the default entered should be struck, the order denying Appellant's motion to strike/open the default judgment should be reversed, and the case should be remanded for further proceedings. We disagree.

"Our standard of review regarding [a]ppellant's petition to strike default judgment is well settled. Appellant's first issue questions the applicability of a Pennsylvania Rule of Civil Procedure to the instant case. As this presents us with a question of law, our standard of review is *de novo* and our scope of review is plenary." **Oswald v. WB Public Square Associates, LLC**, 80 A.3d 790, 793 (Pa.Super. 2013) (citing **Skonieczny v. Cooper**, 37 A.3d 1211, 1213 (Pa.Super. 2012)).

A petition to strike a default judgment operates as a demurrer to the record, and the court must grant the petition whenever some fatal defect appears on the face of the record. **PNC Bank v. Bolus**, 655 A.2d 997, 999 (Pa.Super. 1995). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." **Oswald, supra** at 794 (quoting **City of Philadelphia v. David J. Lane Advertising, Inc.**, 33 A.3d 674, 677 (Pa.Cmwlth. 2011)) (internal quotation marks omitted). A fatal defect on the face of the record denies a prothonotary the authority to enter the

judgment. *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 388 (Pa.Super. 2003). If a prothonotary enters judgment without authority, that judgment is void *ab initio*. *Id.* (holding non-compliance with rule governing service of intent to take default judgment rendered judgment void *ab initio*).

"When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered." *Cintas Corp. v. Lee's Cleaning Services, Inc.,* 549 Pa. 84, 90, 700 A.2d 915, 917 (1997) (citation omitted). Failure to adhere to the Pennsylvania Rules of Civil Procedure regarding service of process is a facially fatal defect. *Id.* at 91, 700 A.2d at 917-18 (stating: "Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. … Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. … Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her. … [T]he fact of service is the important thing in determining jurisdiction and…proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned").

The grant or denial of a petition to open a default judgment is a matter of judicial discretion. *Schultz v. Erie Ins. Exchange*, 505 Pa. 90, 477 A.2d

471 (1984). A petition to open a default judgment is an appeal to the court's equitable powers, and absent an error of law or an abuse of discretion, this Court will not disturb that decision on appeal. *Reid v. Boohar*, 856 A.2d 156 (Pa.Super. 2004).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Where a petition to open a default judgment is **not** filed within ten (10) days of entry of the default judgment,[1] the movant must (1) promptly file a petition to open, (2) offer a justifiable excuse for the delay that caused the default, and (3) aver a meritorious defense that, if proved at trial, would afford the defendant relief. *Reid, supra* at 160. To succeed, the petitioner must meet all three requirements. *US Bank N.A. v. Mallory*, 982 A.2d 986, 995 (Pa.Super. 2009); *Duckson v. Wee Wheelers Inc.*, 620 A.2d 1206 (Pa.Super. 1993). In other words, if the petitioner fails to meet even one requirement for opening the default judgment, the court can deny relief without even considering arguments made with regard to the

---

[1] Rule 237.3(b) of the Pennsylvania Rules of Civil Procedure provides: "If the petition [for relief from the default judgment] is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b).

two other requirements. *Id.* at 1209. If the petitioner has made some showing as to all three prongs of the test, then the court is entitled to consider each point in light of all the "circumstances and equities of the case." *Id.* Courts "must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits." *Id.* at 1208.

With respect to the first requirement that the petitioner promptly file a petition to open, courts do not "employ a bright line test"; courts focus "on two factors: (1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Flynn v. America West Airlines*, 742 A.2d 695, 698 (Pa.Super. 1999). Given an acceptable reason for the delay, one month or less between the entry of the default judgment and the filing of a petition for relief from the judgment typically meets the time requirement for a prompt filing of a petition for relief. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa.Super. 2009). *See also US Bank N.A., supra* (comparing cases and rejecting as tardy eighty-two day interval between default judgment and petition for relief).

With respect to the second requirement, courts look to the specific circumstances of the case to determine whether the petitioner offered a legitimate explanation for the delay that caused entry of the default

judgment. *Id.* "While some mistakes will be excused, …mere carelessness will not be…." ***Bahr v. Pasky***, 439 A.2d 174, 177 (Pa.Super. 1981). In ***Flynn***, for example, the petitioner's unintentional failure to act, due to a defective mail receipt system, was not considered a legitimate explanation for the delay that caused entry of the default judgment. ***Flynn, supra*** at 699. Finally, as to asserting a meritorious defense, the petitioner must aver facts which if proved at trial would justify relief. ***See Duckson, supra***. Significantly, "A petition for relief from a judgment of…default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file." Pa.R.C.P. 237.3.

"An indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights." ***CRY, Inc. v. Mill Service, Inc.***, 536 Pa. 462, 468, 640 A.2d 372, 375 (1994) (citing ***Scherbick v. Community College of Allegheny County***, 479 Pa. 216, 220, 387 A.2d 1301, 1303 (1978)). Therefore, the absence of the indispensable party renders any court's order or decree null and void for lack of jurisdiction. ***CRY, Inc., supra*** at 468, 640 A.2d at 375. Important considerations in the determination of who are indispensable parties include, but are not limited to, the nature of the absent party's interest relating to the claim and whether that interest is essential to the merits of the issue. *Id.* at 468, 640 A.2d at 375 (citing ***Mechanicsburg***

*Area School Dist. v. Kline*, 494 Pa. 476, 481, 431 A.2d 953, 956 (1981)). "If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." *Grimme Combustion, Inc. v. Mergentime Corp.*, 595 A.2d 77, 81 (Pa.Super. 1991), *appeal denied*, 530 Pa. 644, 607 A.2d 254 (1992). Under the totality of the circumstances, the principal inquiry is whether justice requires the presence of the absent party. *CRY, Inc., supra* at 469, 640 A.2d at 375. The issue of failure to join an indispensable party can be raised for the first time on appeal or *sua sponte* by the reviewing court. *Hart v. O'Malley*, 647 A.2d 542, 549 (Pa.Super. 1994), *affirmed*, 544 Pa. 315, 676 A.2d 222 (1996).

Instantly, Appellant failed to identify a specific right of Broker that would be affected or impinged by the declaration of judgment in this case, except to identify Broker as the person holding and required to release the funds. Broker was not a party to the real estate transaction. Broker's role has been and is simply one of facilitation. Broker must release the escrowed funds to either one party or the other eventually, depending on the outcome of the case. Broker has no personal interest in or right to the money held in escrow; Broker is simply a disinterested stake-holder awaiting the court's instructions to release the funds. Absence of Broker as a party in the present action in no way affects the authority and legality of the default judgment. Instead, Broker should welcome the protection of court

instructions to disperse the funds so Broker will not be at risk to pay twice. Based on the circumstances of this case, we conclude Broker is not an indispensable party to the present action. Therefore, Appellant's issues one and two merit no relief.

With regard to Appellant's issue three, on the alleged binding nature of the mediation clause in the Agreement of Sale, the trial court reasoned as follows:

> [Appellant] does not challenge service of the complaint nor raise any irregularity on the face of the record. [Appellant's] only argument to strike default judgment is that [Appellee] failed to avail [himself] of required mediation before filing suit and entry of the default judgment. This court does not agree. While the Agreement contains a mediation provision, it states as follows;
>
>> Buyer and Seller will try and resolve any disputes or claim that may arise from the Agreement through mediation in accordance with the Rules and Procedures of the Home Seller/Home Buyer Dispute Resolution System. Any agreement reached through a mediation…will be binding.
>
> ***See*** Section 29 of Agreement.
>
> It appears that mediation is not required by the Agreement, as the language states that the parties "will try" to resolve the disputes by mediation. There is no language that mandates mediation before [] filing an action and/or the entry of a default judgment. Clearly, this is not a defect that warrants default judgment [to] be stricken.
>
> \* \* \*
>
> [Appellant] filed her Petition approximately seventy-five days after entry of the default judgment. [Appellant] fails

to offer any reason for her...failure to answer the Complaint. Finally, [Appellant] does not assert a meritorious defense [or] attach a proposed Answer to the Complaint. The only argument put forth by [Appellant] is that the Agreement of Sale contained a mandatory mediation clause. As previously stated, any reference to mediation in the Agreement was voluntary and not mandated.

(Trial Court Opinion at 2-4). We accept the court's rationale on the voluntary nature of the mediation clause. Further, when Appellee declared the forfeiture of the deposit money for Appellant's failure to close on the transaction, Appellee notified Appellant of her right to invoke mediation. Appellant did not respond. Thus, Appellant then or now cannot argue failure to mediate as a ground to strike or open the judgment.

Moreover, Appellant failed to follow the applicable rules of court, where Appellant did not attach to her petition to open a verified copy of the answer to the complaint she wished to file. Appellant's failure in this respect is more than merely a procedural defect that the court can ignore, because this particular error impinged on Appellee's rights. *See* Pa.R.C.P. 237.1, 237.3. Therefore, the court was correct to deny the petition to open on this ground as well. Based upon the foregoing, we see no reason to disturb the court's decision. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015