**[J-53A&B-2020][M.O. - Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| NANCY K. RAYNOR, ESQUIRE AND RAYNOR & ASSOCIATES, P.C. | : No. 35 EAP 2019 |
| | : |
| | : Appeal from the Judgment of Superior |
| | : Court entered on 3/8/19 at No. 3313 |
| v. | : EDA 2017 (reargument denied 5/14/19) |
| | : affirming, reversing and remanding the |
| | : order entered on 8/29/17 in the Court of |
| MATTHEW D'ANNUNZIO, ESQUIRE; | : Common Pleas, Philadelphia County, |
| KLEHR HARRISON HARVEY | : Civil Division at No. 0211 January Term, |
| BRANZBURG LLP; WILLIAM T. HILL, | : 2017 |
| ESQUIRE; MESSA & ASSOCIATES, P.C.; | : |
| JOSEPH MESSA, JR., ESQUIRE AND | : ARGUED: May 27, 2020 |
| ROSALIND W. SUTCH, AS EXECUTRIX | : |
| OF THE ESTATE OF ROSALIND | : |
| WILSON, DECEASED | : |
| | : |
| APPEAL OF: MESSA & ASSOCIATES, | : |
| P.C. & JOSEPH MESSA, JR., ESQUIRE | : |
| | |
| NANCY K. RAYNOR, ESQUIRE AND RAYNOR & ASSOCIATES, P.C. | : No. 36 EAP 2019 |
| | : |
| | : Appeal from the Judgment of Superior |
| | : Court entered on 3/8/19 at No. 3313 |
| v. | : EDA 2017 (reargument denied 5/14/19) |
| | : affirming, reversing and remanding the |
| | : order entered on 8/29/17 in the Court of |
| MATTHEW D'ANNUNZIO, ESQUIRE; | : Common Pleas, Philadelphia County, |
| KLEHR HARRISON HARVEY | : Civil Division at No. 0211 January Term, |
| BRANZBURG LLP; WILLIAM T. HILL, | : 2017 |
| ESQUIRE; MESSA & ASSOCIATES, P.C.; | : |
| JOSEPH MESSA, JR., ESQUIRE AND | : ARGUED: May 27, 2020 |
| ROSALIND W. SUTCH, AS EXECUTRIX | : |
| OF THE ESTATE OF ROSALIND | : |
| WILSON, DECEASED | : |
| | : |
| APPEAL OF: MATTHEW D'ANNUNZIO, | : |
| ESQUIRE, KLEHR HARRISON HARVEY | : |
| BRANZBURG LLP, WILLIAM T. HILL, | : |
| ESQUIRE, AND ROSALIND W. SUTCH, | : |
| AS EXECUTRIX OF THE ESTATE OF | : |
| ROSALIND WILSON, DECEASED | : |

## DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**              **DECIDED: December 22, 2020**

I respectfully dissent. While I agree with the majority that the term "civil proceedings" as used in the Dragonetti Act is ambiguous, I disagree with its conclusion that the present post-trial motion -- seeking more than a million dollars in contempt sanctions -- does not qualify as an actionable civil proceeding.

Initially, the majority recognizes that, under the applicable statutory definition provided at Section 102 of the Judicial Code, the contempt proceedings comfortably are civil "proceedings" under the Dragonetti Act. *See* Majority Opinion, *slip op.* at 22 (explaining that, subject to a material exception, proceedings encompass "every declaration, petition or other application which may be made to a court under law" (quoting 42 Pa.C.S. §102)). Because, however, the definition does not encompass *actions* -- but clearly the Dragonetti Act was intended to apply to actions -- the majority reasons that "proceedings," for purposes of the Dragonetti Act, should be read as entirely excluding intra-case filings (such as Appellants' post-trial motion for contempt). *See id.* at 23.

Although I concur that strict application of the Section 102 definition would be unreasonable, I do not believe that the Court, in disregarding it, is faced with the either-or proposition suggested by the majority. Rather, it seems more likely to me that the Legislature chose the broader term to encompass *both* actions and certain intra-case proceedings.

In this regard, the Dragonetti Act closely tracks the language of Section 674 of the Restatement Second of Torts, from which it seems most likely to have been derived.

Accordingly, courts have referenced the commentary to the Restatement in interpreting the Pennsylvania enactment.[1]  The comments from the Restatement make clear that an action for wrongful use may be based on intra-case proceedings qualifying as ancillary ones:

> *f. Ancillary proceedings.*  A particular civil proceeding may be ancillary to other proceedings . . ..  Even though the principal proceedings are properly brought, the ancillary proceeding may be wrongfully initiated.  In this case the wrongful procurement and execution of the ancillary process subjects the person procuring it to liability under the rule stated in this Section.

Restatement (Second) of Torts § 674, cmt. f (Am. Law Inst. 1977).

Although I certainly would not hold that all petitions, motions, and applications trigger ancillary proceedings for purposes of the Dragonetti Act, presently, I support the Superior Court's conclusion that Appellants' high-stakes contempt petition was "tantamount to the filing of a civil lawsuit."  *Raynor v. D'Annunzio*, 205 A.3d 1252, 1261 (Pa. Super. 2019) (explaining that, "[i]n a fashion similar to a civil lawsuit, the parties exchanged pleadings, and the trial court held a hearing, issued an adjudication of contempt, and imposed sanctions").

The majority also takes the position that acceptance that some intra-case matters may implicate the Dragonetti Act would render the sanctions provisions of Rule of Civil Procedure 1023.1 or the Act itself superfluous.  *See* Majority Opinion, *slip op.* at 23.  In my view, however, the availability of discretionary, sanctions-based relief does not supplant the substantive entitlement to compensatory damages prescribed by the

---

[1] *See, e.g.*, *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 394 (3d Cir. 2002) (explaining that the tort of wrongful use of civil proceedings "as applied in Pennsylvania conforms with section 674 of the Second Restatement of Torts"); *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. 1993) ("The statutory definition of the tort is now in agreement with the Restatement (Second) of Torts, § 674.").

Legislature.  *See generally Villani v. Seibert*, 639 Pa. 58, 80, 159 A.3d 478, 491 (2017) (explaining that the Dragonetti Act "manifests a legislative purpose to compensate victims of frivolous and abusive litigation and, therefore, has a strong substantive, remedial thrust").[2]  Indeed, the Note to Rule 1023.1 specifically explains that "Section 8351 et seq. relating to wrongful use of civil proceedings" provides "*additional relief* from dilatory or frivolous proceedings."  Pa.R.C.P. No. 1023.1, Note (emphasis added).

Finally, the majority does not reach the issue of Appellee's standing to assert the Dragonetti action as its holding renders the argument obsolete.  Conversely, I would hold that Appellee had standing to bring the action for wrongful use of civil proceedings.  Generally, standing under the Dragonetti Act requires that the complainant be a party to the underlying action.  *See Hart v. O'Malley*, 544 Pa. 315, 322, 676 A.2d 222, 225 (1996).  However, this Court recognized in *Hart* that there is an "exception to that rule in recognition of the nature and effect of certain civil proceedings."  *Id.*  That exception exists when a "civil proceeding operate[s] against a non-party in a direct and particular way as fully as against a party[.]"  *Id.*

Here, although Appellees were not parties to the underlying action that gave rise to the Dragonetti claim, the trial court imposed a sanction of nearly $950,000, which was eventually overturned on appeal.  Nevertheless, Appellants moved for the issuance of writs of attachment, execution in attachment, and summonses upon various garnishees, including Citizen's Bank, where Appellees had numerous bank accounts.  Particularly, given the severity of the sanction and the ensuing enforcement actions by Appellants, Appellees were aggrieved in a direct and specific fashion.

Justice Donohue joins this dissenting opinion.

---

[2] To the degree that the majority suggests that *Villani* or any other decision of this Court has already embraced the proposition that the Dragonetti Act cannot apply to intra-case proceedings, *see* Majority Opinion, *slip op.* at 23, I respectfully disagree.