J-A21008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COLLEEN DOUGHERTY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES HENDERSON AND KATE | : | |
| HARTIGAN | : | |
| | : | |
| | : | No. 2859 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered October 26, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220201941

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 12, 2024**

Appellants James Henderson and Kate Hartigan appeal from the order denying Appellants' petition to open and their separate petition to strike a default judgment in favor of Appellee Colleen Dougherty entered by the Philadelphia Municipal Court.[1]  Appellants argue that the trial court erred when it denied Appellants' petitions.  We affirm.

_____

[1] On March 27, 2023, this Court ordered Appellants to show cause why the appeal should not be quashed.  **See** Order, 3/27/23.  The order noted that Appellants filed their petition to open and the petition to strike the default judgment separately in violation of Pa.R.C.P. 206.1(b), and this Court further noted that filing one appeal from separate orders is highly discouraged and may lead to quashal.  **See id.** (citing **Commonwealth v. C.M.K.**, 932 A.2d 111, 112-13 (Pa. Super. 2007) (reiterating that Pennsylvania courts disapprove of filing a single appeal from multiple orders); **General Elec. Credit Corp. v. Aetna Cas. & Sur. Co.**, 263 A.2d 448, 452-53 (Pa. 1970) (holding that one appeal from separate judgments is discouraged)).  Appellants filed a timely response to the show cause order and asserted that
*(Footnote Continued Next Page)*

The underlying facts of this matter are well known to the parties. ***See***

Trial Ct. Op., 2/27/23, at 1-2. The trial court summarized the procedural

history of this matter as follows:

> The uncontested docket entries reflect that on February 18, 2022, [Appellee] filed a timely appeal of a judgment that had been entered by the Municipal Court to the Court of Common Pleas for

---

although Pa.R.C.P. 206.1(b) states that the grounds for relief to open or strike a default judgment must be raised in a single petition, Pennsylvania Courts have held that a party may seek to strike a void judgment at any time. ***See*** Resp. to Order, 3/30/23, at 1 (citing ***Mother's Restaurant Inc. v. Krystkiewicz***, 861 A.2d 327, 337 (Pa. Super. 2004)). Appellants also asserted that while filing a single notice of appeal from separate orders is disfavored, courts of this Commonwealth have opted not to quash where the issues raised in the orders are substantially the same, the appellee raised no objection to the single notice of appeal, and the time to file a separate appeal had expired. ***See id.*** (citing ***C.M.K.***, 932 A.2d at 112-13; ***Commonwealth v. Young***, 265 A.3d 462, 476 (Pa. 2021)). For the reasons set forth in Appellants' response, we decline to find waiver or quash. Specifically, because a party may seek to strike a void judgment at any time, we decline to find that Appellants waived their claim that the judgment should be stricken. ***See Mother's Restaurant***, 861 A.2d at 337. Further, the trial court's October 12, 2023 and October 26, 2023 orders both involve Appellants' failure to respond and the default judgment, Appellee did not object to the single appeal, and the time for filing separate appeals has expired. ***See Young,*** 265 A.3d at 468. Although Appellants' combined appeal presents a procedural irregularity, we decline to quash the appeal. ***See*** Pa.R.A.P. 902 (providing that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate") (subsequently amended eff. May 18, 2023); ***Young***, 265 A.3d at 477 (stating that "where a timely appeal is erroneously filed . . . Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate" (footnote omitted)). Here, "we opt to exercise our discretion to overlook [Appellants'] procedural misstep, deem done what should have been done, and treat this matter as a consolidated appeal of the two orders[.]" ***Frierson v. Love***, 538 MDA 2022, 2022 WL 16754068, at *1, n.1 (Pa. Super. filed Nov. 8, 2022) (unpublished mem.); ***see also*** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

the First Judicial District of Pennsylvania. Pursuant to Philadelphia County's local procedural rules, Appellee, by and through her counsel, Mark Copolous, Esquire, had retained Legal-Ease services, to facilitate proper service of the notice of appeal. The filed affidavit of service demonstrates that on March 10, 2022, the appointed process server, Jodi L. Broder of Legal-Ease, had visited Appellants' address of record, . . . and personally handed Appellant Kate Hartigan with the physical copy of the notice of the appeal. As [Appellant] Ms. Hartigan resides in the same residence as Appellant James Henderson, she also accepted service on his behalf. Appellants aver that at some point after receiving the notice of appeal to the Court of Common Pleas, they had voluntarily discontinued the services of their prior counsel, who had represented them in the lower Municipal Court proceedings.

Additionally, Appellee's civil complaint was duly filed on March 18, 2022 along with an affidavit of service, demonstrating that Appellants had been served a copy of the complaint via Priority One (1) day U.S. mail with next day expected delivery again to Appellants' address of record. Contrary to what is unequivocally and statutorily required, Appellants did not file any answer to the complaint. Instead, on April 11, 2022, Appellants jointly filed a *pro se* motion for additional time to respond to complaint, which requested additional time to file an answer as [Appellants] were still seeking new counsel.

As referenced within their pleadings, Appellants contacted Appellee's counsel by phone following their acknowledged receipt of the complaint to seek an agreement for extension of time to file an answer. This request was refused by Appellee . . . and her counsel of record Mark Copolous, Esquire. Neither consented to any request for an extension of time. To the contrary, . . . Appellee by and though her counsel responded by serving Appellants with the ten-day notice of praecipe to enter judgment by default that same day.

In due course, eleven (11) days after serving the ten-day notice of praecipe to enter judgement by default, Appellee filed a praecipe to enter default judgment, which the Office of Judicial Records for the Court of Common Pleas for the First Judicial District of Pennsylvania had properly accepted and docketed on April 22, 2022. Four (4) days later, on April 26, 2022, Joseph Russo, Esquire, entered his appearance on behalf of Appellants, and filed an untimely answer to the complaint on May 13, 2022.

> On September 2, 2022, this court formally denied Appellants' outstanding *pro se* motion for additional time to file an answer. Fourteen (14) days later, on September 16, 2022, Appellants filed a counseled petition to open default judgment, which had been assigned to this court on October 11, 2022. Following review of the Appellants' petition and Appellee's oppositional response, this court denied the petition to open default judgment on October 12, 2022.
>
> Subsequently, on October 19, 2022 and on October 20, 2022 respectively, Appellants separately filed a counselled petition to strike the default judgment and a counselled motion for reconsideration of this court's order denying Appellants' petition to open default judgment. This Court denied both the petition to strike the default judgment[] and the motion for reconsideration on October 26, 2022.

Trial Ct. Op. at 1-3 (formatting altered and footnote omitted).

On November 9, 2022, Appellants filed a timely single notice of appeal challenging the order denying Appellants' petition to open default judgment and the order denying Appellants' motion to strike default judgment. Both the trial court and Appellants complied with Pa.R.A.P. 1925.

On appeal, Appellants raise the following issues, which we have reordered as follows:

1. Did the trial court err in failing to grant Appellants' petition to strike the default judgment where Appellants met the standards needed to strike said default judgment?

2. Did the trial court err and abuse its discretion in failing to grant Appellants' petition to open the default judgment where Appellants met the standards needed to open said default judgment?

Appellants' Brief at 6 (formatting altered).

"A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." *Green Acres Rehab. and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1270 (Pa. Super. 2015) (citation omitted).

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Id.* (citation omitted).

> Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. . . . In making this determination, a court can consider facts not before it at the time the judgment was entered.

*Id.* (citations omitted). This test is conjunctive and "if a petition to open a default judgment fails to fulfill any one prong of the three-prong test, then the petition must be denied." *Roy by and through Roy v. Rue*, 273 A.3d 1174, 1188-89 (Pa. Super. 2022) (citation omitted).

Further, "where the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors." *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 919 (Pa. 1997) (citations omitted). "If valid service has not been made, then the judgment should be opened because the court has no

jurisdiction over the defendant and is without power to enter a judgment against him or her." *Id.* (citation omitted).

Conversely, "[a] petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." ***Green Acres***, 113 A.3d at 1267 (citation omitted).

> A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

***Grady v. Nelson***, 286 A.3d 259, 264 (Pa. Super. 2022) (citation omitted), *appeal denied*, --- A.3d ---, 59 MAL 2023, 2023 WL 6631544 (Pa. filed Oct. 12, 2023).

> One of the fundamental objectives of the Rules of Civil Procedure is to ensure that litigants receive proper notice of all proceedings. The duty to make proper service begins with service of original process. This duty continues throughout all stages of the case. Pennsylvania Rule of Civil Procedure 440 provides, "Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action." Pa.R.Civ.P. 440(a)(1). When there is no attorney of record for the defendant, "service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party, or by transmitting a copy by facsimile[.]" ***Id.*** [440(a)(2)(i).]

*Id.* at 264-65 (some citations and footnote omitted). "[W]here a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void." *Id.* at 264 (citation omitted). "A litigant may seek to strike a void judgment at any time." *Id.* (citation omitted); *see also Mother's Restaurant*, 861 A.2d at 337.

## Petition to Strike

In their first issue, Appellants contend that the trial court should have stricken the default judgment because there are two fatal defects on the face of the record. Appellants' Brief at 30-33. Appellants argue that Appellee failed to properly serve Appellants with the complaint. *See id.* at 31-33. Further, Appellants assert that the trial court erred in denying the petition to strike because Appellants' motion for an extension of time to file an answer remained pending before the trial court. *Id.* at 33.

The trial court addressed Appellants' petition to strike as follows:

Appellants' initial justification for striking the default judgment because service of the complaint by mail had been improper, . . . lacked legal merit. Appellants claim that the complaint, which they admit to receiving well before any default judgment had even been noticed let alone entered, should have been physically served upon them in reliance upon Pennsylvania Rule of Civil Procedure 402. Pennsylvania Rule of Civil Procedure 402, however, simply references the manner [in] which "original process," of legally initiating documents may be served. Because this case had stemmed from a Municipal Court Appeal, service of "original process" pursuant to Rule 402 had applied to the notice of appeal from the Municipal Court decision as the legally initiating document. *See City of Philadelphia v. Silverman*, 497 A.2d 689, 692 (Pa. [Cmwlth.] 1995) (finding [the a]ppellant in [a]

Municipal [Court] appeal did not need to serve complaint in accordance with the rule for original process which preceded Pa.R.C.P. 400 *et seq*.).

Further, Philadelphia Local Rule 1001(a)(1), which pertains to appeals of Landlord-Tenant money judgments like this case, directs the Court of Common Pleas for the First Judicial District of Pennsylvania to conduct the appeal *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action being appealed was initially commenced in the Court of Common Pleas. **See** Phila. Civ. Rule 1001. The Philadelphia Rules further recite that the plaintiff shall serve the notice of appeal according to Pa.R.C.P. [400.1](a), which outlines the manner of service of original process in Philadelphia County. **See** Phila. Civ. Rule 1001(d).[2]

These combined county procedural rules consistently contemplate that the notice of appeal is the operative legal document that initiates the legal proceedings. Therefore, service of the notice of appeal is governed by Pa.R.C.P. 402, which pertains to original process, and service of the complaint is dictated by Pa.R.C.P. 440, which applies to service of other legal documents. Such procedure is precedented and is comparable to initiating legal action by writ of summons as opposed to a complaint. Service of the writ of summons must be served in compliance with Rule 402, while service of the complaint is governed by Rule 440. **Clymire v. McKivitz**, 504 A.2d 937 (Pa. Super. 1986).

The manner of service of original process as governed by Pa.R.C.P. 402(a), narrates in relevant part, that original process may be served (1) by handing a copy to the defendant; or (2) by handing a copy . . . at the residence of the defendant to an adult member of the family with whom he resides . . . [.]" **See** Pa.R.C.P.

_____

[2] The version of Philadelphia Rule of Civil Procedure 1001 in effect at the relevant times provided, in relevant part, as follows: "**(d) Service.** The Notice of Appeal shall be served on the appellee as provided by **the rules applicable to service of original process** in Philadelphia County, as set forth in Pa.R.C.P. No. 400.1." Phila. Civ. R. 1001(d) (emphasis added) (subsequently amended eff. Apr. 3, 2023). Pennsylvania Rule of Civil Procedure 400.1(a) states: "In an action commenced in the First Judicial District, original process may be served . . . within the county by the sheriff or a competent adult[.]" Pa.R.C.P. 400.1(a)(1).

402. Pa.R.C.P. 440 authorizes service by mail, with service completed the day of mailing. *See* Pa.R.C.P. 440. Here, the uncontested docketed record reflected that Appellant Kate Hartigan had been physically handed the notice of appeal by the process server, and that she had personally accepted service on behalf of her co-resident and joint petitioner, Appellant James Henderson. After due service of this "original process," Appellee physically mailed Appellants a copy of the complaint in compliance with Rule 440. Since service had been proper, the Civil Division of the Court of Common Pleas for the First District of Pennsylvania possessed jurisdiction to enter the default judgment. Moreover, Appellants had acknowledged receipt of those documents well before any default judgment had been noticed.

Trial Ct. Op. at 7-8.

After review, we discern no error of law or abuse of discretion by the trial court in denying Appellants' petition to strike the default judgment due to improper service. *See Grady*, 286 A.3d at 264-65. The trial court concluded that because this case was initiated in Municipal Court, the requirements for service of original process pursuant to Pa.R.C.P. 402 applied to Appellee's service of the notice of appeal. *See* Trial Ct. Op. at 7-8; *City of Philadelphia v. Silverman*, 497 A.2d 689, 693 (Pa. Cmwlth. 1985) (stating that "[a]n appeal to the court of common pleas from a Municipal Court judgment does not institute a new cause of action. There is thus no need to reobtain personal jurisdiction over the parties by service of process, as such process has already been conferred by a recognized tribunal.");[3] *see also* Phila.Civ.R. 1001(d).

_____

[3] Although this Court is not bound by Commonwealth Court decisions, we may cite to them as persuasive authority. *See Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (citation omitted).

- 9 -

Here, the filing that originated and initiated the matter in the Philadelphia County Court of Common Pleas was Appellee's notice of appeal from Municipal Court. The record reflects that Appellee personally served Appellants the notice of appeal pursuant to the Rules for service of original process in Philadelphia County.[4] *See* Aff. of Service, 3/11/22. Appellee subsequently served Appellants with the complaint, which contained a notice to defend as required by Pa.R.C.P. 1018.1, through Priority Mail pursuant to Pa.R.C.P. 440(a). *See* Aff. of Service, 3/18/22; Pa.R.C.P. 440(a)-(b).

The trial court aptly explained that Appellee personally served the notice of appeal pursuant to the rules applicable to service of original process, which was the filing initiating the action in the Court of Common Pleas, and it was not then necessary for Appellee to additionally and subsequently personally serve the complaint in an appeal from Municipal Court. *See* Trial Ct. Op. at 8. Appellants point to no authority that requires this duplicative personal service whereas here, the responding party was personally served with the notice of appeal and on notice of the proceedings pursuant to Pennsylvania and Philadelphia Rules of Civil Procedure. *See* Pa.R.C.P. 400.1(a), 402(a); Phila.Civ.R. 1001(d). On this record, we discern no defect in service. *See Grady*, 286 A.3d at 264.

Further, Appellants assert that there was a motion pending when the default judgment was entered. Appellants' Brief at 33. As noted, Appellants

---

[4] *See* Phila.Civ.R. 1001(d).

filed a *pro se* motion for additional time to respond to Appellee's complaint on April 11, 2022. However, this motion was filed after the twenty-day period in which Appellants were to respond to Appellee's complaint and on the same day that Appellee provided Appellants notice of her intent to enter default judgment. Default judgement was then entered on April 22, 2022. Although counsel for Appellants asked counsel for Appellee for an extension of time to file an answer to the complaint, this request was refused by Appellants. **See** Trial Ct. Op. at 2.

As noted by the trial court, Appellants cite no authority to support their claim that the mere filing of motion for additional time to respond to the complaint tolled the Prothonotary's authority to enter a duly executed and noticed default judgment. Further, we note that Appellants fail to cite support for their claim that the motion for additional time to respond to the complaint precluded Appellee from pursuing the default judgment. The trial court stated: "If the mere act of requesting additional time to file an answer could prevent the Prothonotary from entering a default judgement, then the defendant would . . . always have additional time to file [an] answer. This would defeat any need for judicial review of their request." **See id.** at 9 (formatting altered). We agree with the trial court's conclusion. The mere filing of a motion for additional time does not toll the time in which a party must respond to a complaint nor preclude the entry of the default judgment. On this record, we discern no error on the face of the record that supports

Appellants' claim that the default judgment should be stricken. ***See Grady***, 286 A.3d at 264.

## Petition to Open

In their second issue, Appellants contend that the trial court erred in denying their petition to open the default judgment. Appellants' Brief at 15-16. Appellants assert that they have satisfied the requirements to open a default judgment and claim that they filed the petition to open promptly after the default judgment was entered, they had a reasonable excuse for the default, and they possessed a meritorious defense. ***See id.*** at 17-29.

The trial court addressed this issue as follows:

When a party seeks to oven the judgment by asserting improper service, the trial court must address the method of service before considering other factors.

Appellants acknowledged that they had been duly served with the required legal documents well before any request for a notice of default had been filed. Moreover, this service claim is already addressed in the preceding paragraphs of this instant opinion. Ironically, Appellants' pleadings demonstrated that they had reached out to Appellee's counsel of record by telephone in response to receipt of the complaint to seek Appellee's agreement for an extension of time to file their overdue answer after they terminated the legal services of their first attorney and while they sought new counsel. Appellants . . . had not filed their . . . counselled petition to open the judgment in a timely manner and had offered zero reasonable excuse[s] for the entry of default judgment. Therefore, this court . . . equitably exercised its discretion in denying [Appellants'] petition to open default judgment.

Notably, one hundred and fifty-three (153) days had passed after docketed entry of the default judgment and the filing of their petition seeking opening of the subject judgment. This period of unjustified delay . . . failed the promptness test. Whether a defendant timely filed their petition depends on: . . . the length of

- 12 -

the delay between notice of the default judgement and the filing of the petition [to open,] and . . . the reason for the delay.

While there is no set amount of time before the petition is untimely, precedent indicates that petitions filed within thirty (30) days of the default are often deemed to be timely.[5]

On the other hand, appellate courts have held that a petitioner had not promptly filed a petition to open default judgment within one month after receiving notice of the entry of the default judgment. *See McCoy v. Pub. Acceptance Cor*[*p*]. 305 A.2d 698, 700 (Pa. 1973) (finding a delay of seventeen (17) days is not prompt); *B.C.Y. Inc. Equip. Leasing Assocs. v. Bukovisch*, 390 A.2d 276 (Pa. Super. 1978) (finding a delay of twenty-one (21) days is not prompt); *Flynn v. Am. W. Airlines*, 742 A.2d 695, 698 (Pa. Super. 1999) (finding a delay of twenty-four (24) days is not prompt).

Appellants do not contest that they had received notice of the default judgment on April 22, 2022, and . . . waited until September 16, 2022 to file the counselled petition to open default judgment. Instead, Appellants again rely upon their singularly stated reason for the late filing which was that they had been waiting for the court to rule on their *pro se* filed petition for extension of time to respond to the complaint. Appellants had blatantly ignored the notices that had informed them that a default judgment would be entered within the set time frame. They also disregarded the entry of the default judgment. Again, the mere filing of a request for time extension did not toll Appellants' responsibilities to answer the complaint nor did it toll their responsibilities to respond to the subsequent notices.[fn4]

---

[5] *See U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028-29 (Pa. Super. 2017) (noting that Pennsylvania courts have found that a petition to open a default judgment was prompt where the delay was less than one month); *see also Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206 (Pa. Super. 1993) (finding that one day is timely); *Alba v. Urology Assocs. of Kingston*, 598 A.2d 57 (Pa. Super. 1991) (finding that fourteen days is timely); *Fink v. General Accident Ins. Co.*, 594 A.2d 345 (Pa. Super. 1991) (finding that five days is timely).

[fn4] By proffering this excuse, Appellants admit that they . . . purposefully waited to file their petition to open default judgment.

Pennsylvania case law is clear that the timeliness of the petition is dependent on the date they received notice of the judgement, not upon the status of any outstanding motions. *Ruczynski v. Jesray Const. Corp.*, 457 Pa. 510, 512, 326 A.2d 326, 328 (1974) [(stating that "[t]imeliness is measured from the date that notice is received of the entry of the default judgment." (citations omitted))]. Appellants were perfectly capable of filing their petition while waiting for a ruling on their motion. Instead, they voluntarily chose to delay proceedings by unjustifiably waiting to file their petition.

Appellants also failed to offer any reasonable excuse or explanation for their failure to file a timely responsive pleading. Appellee provided Appellants proper notice of her intent to seek a default judgement. Appellants were aware that they had been required to file their answer within ten (10) days of that notice. Appellants' argument that they did not file an answer as they were seeking counsel does not entitle them to relief, as the lack of counsel does not alleviate a party from following the rules of civil procedure. *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999) [(stating "a *pro se* litigant is granted the same rights, privileges and considerations as those accorded a party represented by counsel; however, *pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training." (citation omitted))].

Furthermore, the docket reflects that Joseph Russo, Esquire had entered his appearance for Appellants on April 26, 2022, which . . . undercut the proffered lack of counsel as the asserted basis for the request for additional time. Mr. Russo, presumably aware of the judgment that had been filed against his clients, waited another seventeen (17) days to file an answer. Appellants have provided no explanation for this additional delay. *See McFarland v. Whitham*, 544 A.2d 929, 931 (Pa. 1988) (finding defendant did not demonstrate reasonable excuse for their failure to respond to the complaint in a timely fashion "where defendant has demonstrated a dilatory attitude, and where counsel has unjustifiably failed to comprehend the applicable time limits.").

As Appellants did not meet the first two requirements to open default judgment, there is no need to determine whether they had

raised a meritorious defense.[6]  Nevertheless, the defenses that had been raised by Appellants in this case may not satisfy this requirement.  Understandably, the meritorious defense prong is set at a low bar, as the petitioner need only to raise a defense that if proven at trial would entitle them to relief. [*See Scalla v. KWS, Inc.*, 240 A.3d 131, 145 (Pa. Super. 2020)].  However, under *Scalla*[,] the Superior Court of Pennsylvania has held that the proposed defenses must be raised with some particularity.  [*Id.*]  More than a mere denial of wrongdoing must be alleged.  [*Id.* at 144-45].  Under this standard, Appellants' proposed defense, that since "they won in municipal court" one must assume future success in the Court of Common Pleas, lacked the particularity necessary to satisfy the meritorious defense requirement.  *Id.*  This [c]ourt notes that Appellants' answer raised additional defenses including that the civil action had been barred by *res judicata* or the statute of limitations.  While raising these defenses might otherwise satisfy the meritorious defense prong, these defenses had been blatantly inapplicable to the current matter.

As Appellants failed to satisfy at least two, if not three, of the requirements that the petitioner must prove to open a default judgment, this court . . . acted well within its discretion to deny Appellants' petition to open [default] judgment.

Trial Ct. Op., 9-13 (formatting altered and some citations omitted).

After review, we conclude that the trial court did not abuse its discretion in denying Appellants' petition to open the default judgment.  *See Green Acres*, 113 A.3d at 1270.  As set forth above, in order to successfully petition the trial court to open the default judgment, Appellants were required to satisfy a three-pronged test: 1) the petition to open must be promptly filed;

---

[6] *See Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 178 (Pa. Super. 2009) (affirming the trial court's denial of petition to open, even though the trial court did not address the meritorious defense prong of the test, because even if the appellant could establish a meritorious defense, the trial court properly denied petition to open the default judgment since the appellant failed to satisfy the first and second prongs of test).

- 15 -

2) the petitioner must have a reasonable excuse for failing to file a timely response; 3) and the petitioner must have a meritorious defense. **See Green Acres**, 113 A.3d at 1270.

Here, Appellants did not file their petition to open promptly. As stated, the default judgment was entered on April 22, 2022, and Appellants did not file a petition to open until September 16, 2022. Accordingly, we agree with the trial court that Appellants failed to satisfy the first prong. **See id.** Further, Appellants failed to provide a reasonable excuse for waiting until September 16, 2022 to file their petition to open default judgment. In their brief, Appellants claim they were waiting for the trial court to rule on their *pro se* motion for additional time to respond to the complaint. **See** Appellants' Brief at 25. Appellants disregarded notice that Appellee intended to praecipe for the entry of default judgment and failed to act in a timely fashion even after the entry of the default judgment. As noted above, the mere filing of a motion requesting additional time did not toll any time period. Therefore, we conclude that Appellants also failed to satisfy the second prong. **See Green Acres**, 113 A.3d at 1270.

Regarding the third prong of the three-pronged test from **Green Acres**, the obligation to present a meritorious defense, we need not address it further because we agree with the trial court that Appellants failed to meet first two prongs of the test. **See Roy**, 273 A.3d at 1188-89 (explaining that if the petition to open a default judgment fails to fulfill any one prong of the three-

prong test, the petition must be denied). Accordingly, the trial court properly denied Appellants' petition to open. ***See id.***

On this record, we conclude that the trial court did not abuse its discretion or commit an error of law when it denied Appellants' petition to the open or strike the default judgment. Accordingly, we affirm the trial court's order.

Orders affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2024